**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
WILMINGTON SAVINGS FUND
SOCIETY, FSB, D/B/A CHRISTINA
TRUST, NOT INDIVIDUALLY BUT AS
TRUSTEE FOR PRETIUM MORTGAGE
ACQUISITION TRUST,

                              Plaintiff,

    -against-

DEVLIN MOORE AKA DEVLIN L MOORE,

                              Defendants.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

**19-CV-06669 (DLI) (ST)**

**TISCIONE, United States Magistrate Judge:**

Plaintiff Wilmington Savings Fund Society, FSB. ("Wilmington") commenced an action on November 26, 2019, against defendant Devlin Moore ("Moore") to foreclose on a mortgage encumbering a property located at 147-19 Sutter Avenue, Jamaica, NY 11436 (the "Property") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 *et seq*. *See generally* Compl., ECF No. 1. Wilmington filed a request for a certificate of default against Moore on January 13, 2020 (Pl's Req. for Default, ECF No. 1), which was granted by the Clerk of Court on January 21, 2020. Clerk's Entry of Default, ECF No. 12. Plaintiff filed this Motion for Default Judgment on March 20, 2020, (Mot. for Default J., ECF No. 15). The Honorable Judge Dora L. Irizarry referred this motion to me for a Report and Recommendation on March 23, 2020 (*See* Mot. Referred, No. 19-cv-6669 (E.D.N.Y. Mar. 23, 2020). For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion be GRANTED and that Wilmington be awarded damages and costs in the amount of $253,728.00 and additional relief as described herein.

1

## I. BACKGROUND

Unless otherwise specified, the following background facts are based on the allegations in the Plaintiff's Complaint (ECF No. 1), Motion for Default Judgment (ECF No. 15), Memorandum of Law (ECF No. 16), and Declaration with accompanying exhibits (ECF No. 17). Plaintiff brought this action to foreclose on a mortgage encumbering the property located at 147-19 Sutter Avenue, Jamaica, NY 11436 (the "Property"). On or about August 24, 2006, Devlin Moore ("Moore") executed and delivered a note (the "Note") to Wells Fargo Financial Credit Services New York, Inc. ("Wells Fargo"), whereby Moore promised to pay the sum of $337,481.89 plus interest on the unpaid amount due. Compl. ¶ 8, ECF No. 1; Note, ECF No. 1-3 at 3-5[1][2]. On the same date, Moore duly executed and delivered a mortgage agreement (the "Mortgage") to Wells Fargo, which was thereafter recorded in the Queens County Clerk's Office on November 24, 2006. Compl. ¶ 9, ECF No. 1; Mortgage, ECF No. 1-3 at 7-21; *see* ACRIS, CFRN 2006000650650.

On August 7, 2012, Moore executed a Loan Modification Agreement ("First LMA"). Compl. ¶ 10, ECF No. 1; 1st LMA at 22-24, ECF No. 1-3. The Mortgage was subsequently assigned to LSF10 Master Participation Trust. Compl. ¶ 11, ECF No. 1; 1st Assignment at 25-26, ECF No. 1-3; *see* ACRIS, CFRN 2017000179417. On October 25, 2017, Moore executed a

---

[1] The document at ECF No. 1-3 contains several separate exhibits. For ease of reference, the Court will cite the page numbers assigned by ECF to the entire collection of exhibits when referring to any of them, rather than the internal page numbers of each exhibit.

[2] Both the Complaint (Compl. ¶ 8, ECF No. 1) and the Note (ECF No. 17-1 at 9) list the amount as $337,481.89. However, in Plaintiff's more recent submissions the amount is listed as $337,482.00. Decl. of Stephen J. Vargas ("Vargas Decl.") ¶ 3, ECF No. 17. The Court treats the number contained in the Complaint and the Note as the correct amount

2

second Loan Modification Agreement (Second LMA"), which was recorded with the Queens County Clerk's Office on February 2, 2018. Compl. ¶ 12, ECF No. 1; 2d LMA at 21-35, ECF No. 1-3; *see* ACRIS, CRFN 2018000040589. Thereafter, the Mortgage was assigned to Citibank, N.A., as Trustee for CMLTI Asset Trust ("Citibank") (Compl. ¶ 13, ECF No. 1; 2d Assignment at 42, ECF No. 1-3; *see* ACRIS, CRFN 2019000013064), and then from Citibank to Plaintiff. Compl. ¶ 14, ECF No. 1; 3d Assignment at 48-52, ECF No. 1-3; *see* ACRIS, CRFN 2019000215409.

The Note, as ultimately modified by the Second LMA, obligates Moore to pay a principal amount of $238,434.45 plus interest at a yearly rate of 4.63%. *See* 2d LMA at 31-32, ECF No. 1-3. Moore was obligated to submit monthly payments of $1,623.73 on the first day of the month beginning December 2017. *Id.* This monthly payment included a portion of the principle, applicable interest, and a monthly escrow payment which covered taxes and insurance. *Id.* The Second LMC maturity date was January 1, 2047. *Id.* If the principal, interest, taxes, and insurance were not paid in full by then, Moore was obligated to pay the remaining balance of the principal and the interest on that date. *Id.*; Note at 7, ECF No. 1-3. Moore was also required to pay a deferred amount of $4,929.08, unrelated to the principle, on or before the maturity date.

The Note, as incorporated by the Second LMA, stated that a failure to make a full monthly payment on the date on which it is due would result in default. Note at 8, ECF No. 1-3; *see* 2d LMA at 32, ECF No. 1-3. If Moore defaulted, the Note stated that the lender may exercise the right to force immediate payment of the full amount of the unpaid principal plus interest. *Id.* Even if the lender did not immediately demand payment upon Moore's default, the Note allows the lender to exercise its right to demand payment in the future. *Id.* The Note also

3

provided that a 2% late fee would be assessed if Moore failed to make a payment within fifteen (15) calendar days of the due date. *Id*.

Moore failed to make the required payment on April 1, 2019, and subsequent payments. *See* Compl. ¶ 15. Accordingly, on July 26, 2019, Plaintiff sent Moore a Notice of Default (ECF No. 17-6 at 94-97) and a separate 90-day Notice provided by RPAPL 1304(1), and has submitted proof of mailing to this Court. Compl. ¶ 18, ECF No. 1-1; Notice at 64-89, ECF No. 17-6. Both mailings stated that Moore was $8,208.26 in arrears. Notice of Default at 95, ECF No. 17-6; 90-day Notice at 65, ECF No. 17-6. The Notice of Default instructed Moore that a payment of $8,208.26 was required to cure the default and, if that payment was not made within 35 days of the notice, Plaintiff may require immediate payment of the total debt and foreclose on the property. Notice of Default at 95-96, ECF No. 17-6. Further, the 90-day Notice stated that if Moore did nothing to resolve the matter within ninety days from the date of the Notice, the Plaintiff may commence legal action. *Id.* at 66.

On November 26, 2019, Plaintiff filed this Complaint. *See* Compl., ECF No. 1. Moore was duly served with a copy of the Summons and Complaint. Summonses Returned Executed, ECF No 9. On January 13, 2020, Plaintiff requested a certificate of default against Moore (Pl's Req. for Default, ECF No. 11), which was granted by the Clerk of the Court and entered against Moore on January 21, 2020. Clerk's Entry of Default, ECF No. 12. On March 20, 2020, Plaintiff filed this Motion for Default Judgment. Mot. for Default J., ECF No. 15. In the Motion, Plaintiff requests that the Court: (1) grant the motion for default judgement; (2) grant judgement of foreclosure and sale; (3) appoint a referee to effectuate a sale of the Property and disburse the funds; and (4) reform the legal description of the Second LMA to reflect the legal description in the Mortgage. Pl. Mem. of Law at 12, ECF No. 16. The Honorable Judge Dora L. Irizarry

referred the Motion to me for a Report and Recommendation. *See* Order, No. 19-cv-6669 (E.D.N.Y. Mar. 23, 2020). No opposition has been filed to date.

## II.   LEGAL STANDARD

### A.   Default Judgment Standard

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against the defendant, and the defendant fails to appear to move or set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Once a defendant is found to be in default, he is deemed to have admitted all the well-pleaded allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a court retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Taylor v. 312 Grand St. LLC*, 2016 WL 1122027, at *3 (E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (internal quotation marks and citations omitted). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron*, 10 F.3d at 95-96.

Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *City of New York v. Mickalis*

*Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). "In other words, 'after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.'" *A. & R. Lobosco, Inc. v. Superior Trading, Inc.*, 2016 WL 5723982, at *2 (E.D.N.Y. Sept. 14, 2016) (citation omitted), *adopted by*, 2016 WL 5719720 (E.D.N.Y. Oct. 3, 2016). If liability is established as to a defaulting defendant, then the Court must conduct an analysis to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

### III.   DISCUSSION

#### A.   Standing

"Plaintiff can establish standing either by producing a valid written assignment of the Note or by demonstrating the physical delivery of the Note prior to the commencement of the foreclosure action." *W. Coast 2014-7, LLC v. Tolson*, No. 15-cv-6306(ADS)(GRB), 2017 U.S. Dist. LEXIS 125266, at *13-14 (E.D.N.Y. Aug. 7, 2017) (internal citations and quotations omitted) ("[i]t is well-settled that standing exists where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff."). Here, since the Complaint and accompanying materials support that Plaintiff possessed the Note prior to the commencement of this action, standing is sufficiently established. *See* Compl., ECF No. 1; Note at 7, ECF No. 1-3; Assignment at 50-52, ECF No. 1-3; Pl.'s Aff. at 1-4, ECF No. 17-6.

#### B.   RPAPL § 1304 Notice

Before discussing whether default judgment is warranted in this case, this Court must address a threshold issue regarding statutory notice. This Court finds that the pre-foreclosure

6

notice attached to the Complaint is sufficient to establish compliance with RPAPL § 1304 for the purposes of the present default proceeding.

New York Real Property Acts Law ("RPAPL") § 1304 provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL § 1304(1). RPAPL § 1304(1) further sets forth the requirements for the content of such notice, and RPAPL § 1304(2) provides that such notice shall be sent by "registered or certified mail and also by first-class mail to the last address of the borrower" and the "[n]otice is considered given as of the date it is mailed." *Id*. §§ 1304(1)-(2).

The Second Circuit has recognized that "[p]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir.) (quoting *Deutsche Bank Nat. Tr. Co. v. Spanos*, 102 A.D.3d 909, 961 N.Y.S.2d 200, 202 (2d Dep't 2013)), *certified question accepted*, 34 N.Y.3d 1137, 142 N.E.3d 102 (2020). A plaintiff-lender can demonstrate compliance with § 1304 by showing "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Id.* (quoting *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 98 N.Y.S.3d 273, 277 (2d Dep't 2019)). "[P]roof of a standard office mailing procedure gives rise to a presumption that a notice was received, although that presumption may be rebutted by "a showing that [the] routine office practice was not followed or was so careless that it would be unreasonable to

assume that the notice was mailed." *Id.* (quoting *Nassau Ins. Co. v. Murray*, 46 N.Y.2d 828, 414 N.Y.S.2d 117, 386 N.E.2d 1085, 1086 (1978)).

Plaintiff provided documentation of two notices sent to Moore: a Notice of Default (ECF No. 17-6 at 94-97) and a separate 90-day Notice required by RPAPL 1304(1). 90-day Notice at 64-89, ECF No. 17-6. The 90-day Notice conforms to the statutory notice format provided under RPAPL §1304(1). *See* Notice at 64-89, ECF No. 17-6. The Notices were addressed to Moore via first-class mail at the Property. Notice of Default, at 94-97, ECF No. 17-6; 90-day Notice at 64-89, ECF No. 17-6.

### C. RPAPL § 1306 Notice

RPAPL § 1306 requires that a "lender, assignee or mortgage loan servicer . . . file with the superintendent of financial services . . . within three days of mailing of the [§1306 notice] . . . the information required by subdivision two of this section." RPAPL §1306(1). Subdivision 2 mandates that such a filing "include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue. N.Y. RPAPL §1306(2). Upon review of the Proof of Filing Statement issued by the New York State Department of Financial Services attached to the Complaint, I find that Plaintiff has satisfied this filing requirement as well. *See* Compl. ¶ 18; Proof of Filing at 92, ECF No. 17-6.

### D. Liability

To show liability in a New York mortgage foreclosure action, a plaintiff-lender must show (1) a mortgage, (2) a note, and (3) proof of default on that note. *See United States v. Estate of Callard*, No. 11-cv-4819 (ADS) (AKT), 2017 WL 685604, at *8 (E.D.N.Y. Feb. 1, 2017) (quoting *E. Sav. Bank, FSB v. Bright*, No. 11-cv-1721, 2012 WL 2674668, at *3 (E.D.N.Y. July

5, 2012)), *R&R adopted*, 2017 WL 684191 (E.D.N.Y. Feb. 21, 2017). "If those elements are established, the mortgagee has a 'presumptive right to collect.'" *OneWest Bank, NA v. Raghunath*, 14-cv-3310 (RJD) (MDG), 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015) (citation omitted). Plaintiff made an adequate showing of the first two elements by producing a valid mortgage, note, and relevant assignments. Mortgage at 7-21, ECF No. 1-3; Note at 3-5, ECF No. 1-3; Assignment at 50-52, ECF No. 1-3. Additionally, Plaintiff has shown default on the loan obligations by providing a notice of default, mailing receipts, and affidavit from Dawn Home, a servicing agent for Plaintiff who has personal knowledge of the business records made and maintained in connection with this case. Notice of Default, at 94-97, ECF No. 17-6; 90-day Notice at 64-89, ECF No. 17-6; Pl.'s Aff. at 1-4, ECF No. 17-6; *W. Coast 2014-7, LLC v. Hamilton*, No. 17-cv-3918 (ADS) (ARL), 2018 U.S. Dist. LEXIS 192385, at *5 (E.D.N.Y. Nov. 8, 2018) (finding liability based on notices of default, mailing receipts, and the plaintiff's representative's affidavit); *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012). Therefore, this Court recommends that default judgement be entered against Moore.

### IV. REMEDIES FOR DEFAULT

It is well established that a default constitutes an admission of well-pleaded factual allegations in the complaint, except those relating to damages. *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155 ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."); *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.") On a motion for

9

a default judgment, the plaintiff has the burden to prove the amount of damages with a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155 (citing *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). An evidentiary hearing is not required; the Court may rely on detailed affidavits and other documentary evidence to determine damages. *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d. Cir. 1991).

Here, Plaintiff has submitted sufficient evidence for this Court to award the necessary remedies without a hearing. *See* Pl.'s Aff. at 1-4, ECF No. 17-6; Mortgage at 7-21, ECF No. 1-3; Note at 3-5, ECF No. 1-3; Assignment at 50-52, ECF No. 1-3; Notice of Default, at 94-97, ECF No. 17-6; 90-day Notice at 64-89, ECF No. 17-6. Thus, this Court recommends entering a judgment of foreclosure with the proceeds to be applied to the $232,803.04 of principal, $10,365.03 in interest, a deferred amount of $4,929.08, $74.58 in late fees, $1,857.00 in hazard insurance, $3,027.08 in taxes, and $132.96 in property inspections owed by Defendant under the Note and Mortgage's terms.

## A.     Damages

Plaintiff has shown that it is entitled to the entire unpaid principal of $232,803.04. *See* Pl. Aff. at 1-4, ECF No. 17-6. This Court also finds that Plaintiff is entitled to 10,365.03[3] in interest,

---

[3] Plaintiff states that it is entitled to 10,213.14. Pl. Aff. at 3, ECF No. 17-6. Plaintiff calculates interest from March 1, 2019 until February 15, 2020. *Id.* That is 351 days without including the end date. At a per diem rate of $29.53 (principal * annual interest rate / 365), that amounts to $10,365.03 (((232,803.04 * 4.63%) / 365) * 351).

and $74.58 in late charges[4]. *Id.* Plaintiff requests payment of a deferred amount of $5,127.30 (*Id.*), however, the deferred amount listed in the Second LMA is $4,929.08. 2d LMA at 31-32, ECF No. 1-3. According to the Second LMA, that amount is not subject to interest (2d LMA at 31-32, ECF No. 1-3), and Plaintiff does not make an adequate showing of entitlement to the additional $198.22. Thus, this Court finds that Plaintiff is entitled to a deferred amount of $4,929.08.

Plaintiff asks to be reimbursed for hazard insurance, tax disbursements, and property inspection disbursements. Pl.'s Aff. at 3, ECF No. 17-6. The Note and Mortgage, as modified by the Second LMA, empowered Plaintiff the ability to advance payment for insurance, taxes, and other costs related to the maintenance of the Property. Pl.'s Aff. at 3-4, ECF No. 17-6. Thus, Plaintiff is entitled to recuperate $1,857.00 in hazard insurance disbursements, $3,027.08 in tax disbursements, and $132.96 in property inspection disbursements. *See* Payment History at 59-62, ECF No. 17-6.

### B. Attorney's Costs.

The Plaintiff seeks costs and disbursements in connection with the commencement and prosecution of this action. Compl. at 4-5, ECF No. 1; Pl.'s Mem of Law at 10, ECF No. 16. The Mortgage entitles the Plaintiff to collect all costs and disbursements incurred in bringing a lawsuit for the foreclosure and sale of the Property. Mortgage at 7-21, ECF No. 1-3. Accordingly, Plaintiff

---

[4] The Note, as incorporated by the Second LMA, states that a late charge on any overdue payment will be assessed at 2% of the monthly principal and interest payment. Note at 4, ECF No. 1-3. The Second LMA listed the monthly principal and interest payment as $1,242.86. 2d LMA at 26, ECF No. 1-3. Thus, 2% of the monthly principal and interest payment, rounded to the nearest cent, is $24.86, which multiplied by three months is $74.58.

11

is also entitled to be reimbursed a total of $540.00 for the filing and service of this action[5]. *See* Statement of Damages at 1-2, ECF No. 17-7; *see Wilmington Sav. Fund Soc'y, FSB v. Costa,* No. 18-CV-2036, 2018 WL 6204620, at *5 (E.D.N.Y. Oct. 29, 2018) ("Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable"), report and recommendation adopted, No. 18-CV-2036, 2018 WL 6198954 (E.D.N.Y. Nov. 28, 2018)

### C. Judgement of Foreclosure and Appointment of Referee

Plaintiff asks that an order and judgment of foreclosure be entered with the proceeds going towards paying the monetary award, and that a referee be appointed to effectuate the sale. There is a shifting burden in foreclosure cases under New York law. First, a plaintiff establishes a *prima facie* case by producing documentary evidence establishing three elements: (i) a mortgage; (ii) a note; and (iii) proof of default on the note by the mortgagor. *OneWest Bank, N.A. v. Marchassalla*, 2016 WL 8711438, at *3 (E.D.N.Y. Sept. 30, 2016); *E. Savings Bank, FSB v. Robinson*, 2016 WL 482024, at *3 (E.D.N.Y. Feb. 4, 2016). Second, if a plaintiff meets its *prima facie* burden and the defendant does not contest those facts, then a presumptive right to collect the overdue amount is established and may only be overcome if the defendant shows a "meritorious affirmative defense." *CIT Bank, N.A. v. O'Sullivan*, 2016 WL 2732185, at *4 (E.D.N.Y. May 10, 2016); *accord United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991). Finally, "courts routinely appoint referees to effectuate the sale of foreclosed properties." *See, e.g., PMP Tech. Servs., LLC v. Mazoureix*, No. 14-cv-4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015) (awarding a

---

[5] $400.00 case filing fee + $105.00 process server + $35.00 Notice of Pendency filing fee = $540.00 in total fees.

12

judgment of foreclosure and sale under the supervision of a referee); *Eastern Sav. Bank v. Evancie*, No. 13-cv-878, 2014 WL 1515643, at *1 (E.D.N.Y. Apr. 18, 2014) (same).

Here, Plaintiff has established a prima facie case by presenting: (1) the Mortgage (ECF No. 1-3 at 7-21); (2) the Note (*id*. at 3-5); (3) the Second LMA (*id.* at 21-35); the assignment chain of the Note and Mortgage culminating with an assignment to them (*id.* at 48-52); and (5) the Notice of Default (ECF No. 17-6 at 94-97). Plaintiff has, furthermore, established that notice was appropriately served on Defendant pursuant to RPAPL § 1303. Summonses Returned Executed, ECF No 9. The Court therefore respectfully recommends that the property be foreclosed and sold, with the proceeds to be applied to the damages owed under the Note as modified by the Second LMA discussed above which, according to the Mortgage, are obligations secured by the Property.

Having determined that Plaintiff has established a presumptive right to foreclose upon the Property due to Defendant's default, this Court recommends appointing a referee to effectuate the foreclosure and sale of the Property. This Court further recommends that the proceeds of the sale be applied to the total amount owed as set forth above. *See OneWest Bank, N.A. v. Denham*, No. cv 14-5529, 2015 WL 5562980, at *14 (E.D.N.Y. Aug. 31, 2015) (recommending that the relevant property be foreclosed upon and sold with the proceeds being applied to the outstanding amount owed on the note).

**V.      REFORMATION OF SECOND LOAN MODIFICATION AGREEMENT**

Finally, Plaintiff requests that the legal description in the Second LMA recorded with the Queens County Clerk on February 2, 2019 be reformed to correct an error. Compl. at 4, ECF No. 1. Specifically, the Second LMA references the same address as the Mortgage, but incorrectly describes the Property as located on lots 77 and 78, not lot 69. *See* Compl. at 10, ECF No. 1; 2d LMA at 37, ECF No. 1-3.

"Reformation is an equitable remedy that allows courts to align erroneous legal instruments with the executing parties' intent by transposing, rejecting, or supplying terms to correct or clarify the document." *Wilmington*, No. 18- CV-2036, 2018 WL 6204620, at *6 (E.D.N.Y. Oct. 29, 2018), report and recommendation adopted, No. 18-CV-2036, 2018 WL 6198954 (E.D.N.Y. Nov. 28, 2018) (internal quotation omitted). "Reformation is appropriate to remedy '[m]istakes made in the description, quantity or condition of land.'" *Id.* (quoting *OneWest Bank, N.A. v. Denham*, No. 14-CV-5529, 2015 WL 5562980, at *6 (E.D.N.Y. Aug. 31, 2015), adopted by, 2015 WL 5562981, at *1 (E.D.N.Y. Sept. 21, 2015)).

Here, as set forth in the Complaint, Plaintiff requests that the Court issue an Order reforming and correcting the description of the Property to read as follows:

> ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Fourth Ward, Borough of Queens, County of Queens, City and State of New York, and which upon a certain map entitled, "Map of Property at Jamaica, South I the Fourth Ward, Borough of Queens, City of New York, belonging to the South Jamaica Realty Company, surveyed June 1905, by E.W. Conklin, City Surveyor, Jamaica, NY" and duly filed in the Office of the Clerk of Queens, N.Y. on the 19th day of July, 1905, is known and designated on said map as and by Lot Number sixth-nine (69) in Block 3

(Compl. ¶ 23.)

It is clear that the legal description contained by reference in the Second LMA and recorded on February 2, 2018 contains an error since all other reference to the Property states that it lies on lot 69, not lots 78-79.. Accordingly, this Court respectfully recommends that the relief Plaintiff seeks by way of an order reforming the Property description be granted.

**D.   CONCLUSION**

For the reasons set forth above, I respectfully recommend that Plaintiff's Motion for Default Judgment of foreclosure and sale be GRANTED. I also respectfully recommend that

14

Plaintiff be awarded a Judgment of foreclosure and sale in the amount of $253,188.77 for the total amount due the Plaintiff on the Note, and $540 in costs related to the commencement and prosecution of this action, to be satisfied by the sale of the Property under the supervision of a referee to be appointed by the Hon. Dora L. Irizarry.  Finally, I respectfully recommend that Plaintiff's application to reform the legal description of the Property as recorded in the Second Loan Modification Agreement as recorded on February 2, 2019 in the Office of the Queens County Clerk, be granted, as set forth herein.

E.     **OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Plaintiff is directed to serve a copy of this Report and Recommendation upon the Defendant at the Defendant's last known addresses via return receipt delivery and to file proof of service with the Court within five (5) days of the date of this Report and Recommendation.

**SO ORDERED.**

                                                                                     /s/  
                                                Steven L. Tiscione  
                                                United States Magistrate Judge  
                                                Eastern District of New York

Dated: Central Islip, New York  
       March 12, 2021